HENRY H. COTTON, executor, *vs.* CITY OF BOSTON.

Suffolk. November 24, 1893. — March 2, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Tax — Goods kept and sold by Executor in Testator's Shop in closing Business — Testator's last Residence elsewhere.*

If an executor keeps his testator's former shop open and sells the goods therein, occasionally replenishing the stock with small purchases, although for the sole purpose of settling the estate and closing the business, the stock of goods is taxable to the executor, under Pub. Sts. c. 11, § 20, cl. 1, in the city where the shop is hired and the business carried on, although the testator last dwelt in another city.

CONTRACT, by the executor of the will of William H. Ward, to recover back the amount of a tax assessed to him as such executor upon the stock in trade of Ward's estate, on May 1, 1891, by the assessors of the defendant city, and paid under protest by the plaintiff. The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, upon agreed facts, in substance as follows.

The testator, William H. Ward, last dwelt in Cambridge, and died there on December 14, 1890. The plaintiff, on January 6, 1891, was appointed executor of Ward's will, and qualified as such executor, and has ever since so continued.

The testator at the time of his death was lessee of a store in Boston, and there carried on business on his sole account, and was sole owner of the personal property employed therein, consisting of goods, wares, merchandise, and other stock in trade. On May 1, 1891, the plaintiff as such executor, who resided in Lexington, occupied the store and had therein in his possession such personal property for the sole purpose of settling the estate, and for that purpose was then engaged in selling therefrom, in the usual course of trade, said goods, wares, and merchandise. The stock was replenished with small purchases of new goods occasionally made by him as such executor, in order that, in settling the estate, the closing up of the business might be advantageously done.

If, upon the above facts, the personal property of the deceased was legally liable to taxation in Boston on May 1, 1891, judgment was to be entered for the defendant; otherwise, for the plaintiff.

*R. W. Nason*, for the defendant.

*C. F. Kittredge*, for the plaintiff.

HOLMES, J.   The agreed statement of facts raises the question where an executor is to be taxed for his testator's stock in trade in his testator's shop, if the executor keeps the shop open and sells the goods, occasionally replenishing the stock with small purchases, but all for the sole purpose of settling the estate and closing the business.   We think it plain that if, under the terms of a will, an executor should carry on his testator's business as a continuing thing, and not for the purpose of winding it up, the stock in trade would be taxable, under Pub. Sts. c. 11, § 20, cl. 1, in the city or town where the shop was hired and the business carried on, in this case in Boston, notwithstanding the general provision of clause 7, that the personal estate of deceased persons shall be assessed in the place where the deceased last dwelt.   We are of opinion that the fact that the business is carried on for the purpose of settling the estate makes no difference in the principle.   The chattels still constitute a stock in trade; there still is a going business, and the same benefit still is derived from the conveniences and protection offered by the city in question, whatever the purposes of the executor, and whether the time for which he intends to carry on the trade be longer or shorter.   It would be different, no doubt, if what had been a stock in trade simply were kept locked up in the shop until it could be sent to auction or disposed of in the lump.

*Judgment for the defendant.*